UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

ANTHONY LASHAWN MCCLOUD,

    Defendant-Petitioner.
    _____/

Case No. 10-20336

Honorable Nancy G. Edmunds

**ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 [30]**

**I.   BACKGROUND**

Petitioner–Defendant Anthony Lashawn McCloud pleaded guilty to one count of possession of a stolen firearm in violation of 21 U.S.C § 922(j). The Court sentenced McCloud to be imprisoned for a term of 120 months, with an increased offense level based on prior "crime of violence" convictions, as defined under § 4B1.2(a) of the United States Sentencing Guidelines, for Assault with Intent to Commit Murder / Assault with Intent to Commit Armed Robbery (1993) and Armed Robbery (1994). On June 22, 2016, McCloud filed the instant motion to vacate his sentence under 28 U.S.C. § 2255 arguing that his prior convictions no longer qualify as crimes of violence under the Guidelines. On January 31, 2017, the Court entered an Order Granting the Government's Motion to Stay Litigation pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). The Court lifted the stay and ordered briefing on April 17, 2017. The Government filed a response on May 16, 2017. McCloud did not file a reply. For the reasons set forth below, the Court DENIES McCloud's motion.

**II.    ANALYSIS**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  To prevail on a § 2255 motion, the petitioner must allege:  "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (internal quotations omitted).

McCloud argues that his sentence must be vacated in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In *Johnson*, the Supreme Court invalidated the violent crime residual clause of 18 U.S.C. § 924(e) as unconstitutionally vague.  McCloud argues that *Johnson* applies to the identically-worded residual clause of the Sentencing Guidelines, § 4B1.2(a)(2).

However, after its decision in *Johnson*, the Supreme Court held in *Beckles* that the residual clause of the Sentencing Guidelines is not unconstitutionally vague because the advisory Guidelines do not fix the permissible range of sentences:  "To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.  Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.  The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness."  137 S. Ct. at 892.

The Court sentenced McCloud in 2010, well after the Sentencing Guidelines were declared advisory in *United States v. Booker*, 543 U.S. 220, 245 (2005).  Under *Beckles*, McCloud's increased offense level based on prior "crime of violence" convictions, as

2

defined under § 4B1.2(a) of the Sentencing Guidelines, is valid. McCloud is not entitled to relief under 28 U.S.C. § 2255.

## III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 and 2255 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir.1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

For the reasons stated in this opinion, the Court will deny McCloud a certificate of appealability because he has failed to make a substantial showing that his due process rights were compromised.

## IV. CONCLUSION

Based upon the foregoing, IT IS ORDERED that the petition for post-conviction relief is DENIED WITH PREJUDICE. IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 24, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 24, 2017, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager